OPINION
{¶ 1} Appellant Lonnie Futey and 322 employees of Appellee General Motors Corporation ("GM") located in Mansfield, Ohio, appeal from a judgment of the Richland County Court of Common Pleas. The judgment appealed from affirmed the judgment of the Ohio Unemployment Compensation Review Commission that denied unemployment benefits for the week ending July 5, 1998. The following facts give rise to this appeal.
 {¶ 2} The parties stipulated to the facts. In early 1998, the United Auto Workers' ("UAW") employees, in several General Motors factories, in Michigan, went on strike. These factories produced auto parts for other GM factories. The strike resulted in a shortage of parts and as a result, GM laid off the claimants, in this case, from its Mansfield factory in June 1998.
 {¶ 3} At the time in question, GM and the claimants, all members of the UAW, were operating under a National Collective Bargaining Agreement. Under the agreement, the period of time from Monday, June 29, 1998 to Thursday, July 2, 1998 was designated the Independence week shut-down period and Friday, July 3, 1998 was the Independence Day holiday. In the bargaining agreement, GM agreed to pay some employees during their time off if they met certain criteria. One criterion was that the employee had to work the scheduled day before and after the shut-down period. All parties agree because of the layoff, the claimants could not meet this criterion because they did not work the day before and the day after the holiday.
 {¶ 4} The strike settled in late July 1998. As part of this settlement agreement, GM agreed to pay each of the UAW employees, including the claimants, a special payment equal to the shut-down week and holiday pay they would have received if they had not been laid off the July Fourth week because of the strike. The memorandum of understanding between GM and the UAW provides:
 {¶ 5} "As a result of these negotiations and without prejudice to the position taken by either party, and without setting a precedent in the disposition of any other case involving similar circumstances, the parties agree to the following:
 {¶ 6} "Employees who were on strike or layoff status at General Motors locations due to the labor dispute at the Flint Metal Center and Delphi E Flint East and who did not receive Independence Week Shutdown and Holiday Pay as a result of being on said layoff or strike and were otherwise entitled to these pay provisions as stipulated in the GM-UAW National Agreement, shall receive a one-time special payment in the amount they would have been entitled to had they not been on strike or layoff.
 {¶ 7} "This payment will be made in an expeditious manner and taxed as a regular wage payment in accordance with Document No. 81 of the GM-UAW National Agreement.
 {¶ 8} "This payment shall initially be made by General Motors. Thereafter, payments otherwise required by Paragraph IIIA of the Memorandum of Understanding Joint Activities, 1996 GM-UAW National Agreement, shall be waived until General Motors is reimbursed for the total amount paid to employees as a result of this Memorandum.
 {¶ 9} "Further, the parties recognize these payments may result in employees being ineligible for unemployment compensation already received. Employees impacted by such overpayment of unemployment compensation will be responsible to repay the State that provided the unemployment compensation."
 {¶ 10} The payment required by the above was paid to the claimants on August 13th or 14th, 1998, in addition to their regular pay. GM paid them thirty-two hours calculated at their regular rate of pay for June 29, through July 2, 1998, and eight hours calculated at their regular rate of pay for July 3, 1998. All regular deductions were made from this pay, by GM, in the same manner that regular holiday payments would have been handled. All claimants received credit for this work period for seniority purposes and additional vocational entitlement.
 {¶ 11} The claimants applied for unemployment benefits for the entire period of their layoff. GM contended the payment required by the Memorandum of Understanding constituted holiday pay equivalent to their full pay for the week of July 4, 1998, which means the claimants would not be entitled to unemployment benefits for that week. The claimants responded that the week's pay provided by the understanding between the UAW and GM was "special payment," which should not prevent their full unemployment compensation for the July Fourth week. The Ohio Bureau of Employment Services agreed with GM and denied their claims for the week in question.
 {¶ 12} On appeal, the Ohio Board of Employment Services issued a determination of benefits denying the claims for unemployment benefits for the week ending July 4, 1998. The Ohio Unemployment Compensation Review Commission reviewed the matter and issued its decision, affecting 8,136 claimants, including the claimants in the case sub judice. The decision of the commission affirmed the Ohio Bureau of Employment Services "because claimants received remuneration in the form of holiday pay or allowance in excess of their weekly benefit amount."
 {¶ 13} The trial court correctly stated its standard of reviewing unemployment appeals is set forth in R.C. 4141.282(H). The trial court reviews the appeal on the certified record provided by the Ohio Unemployment Compensation Review Commission. If the trial court finds the decision of the commission was unlawful, unreasonable or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter back to the commission.
 {¶ 14} In its review, the trial court is limited to determining whether the commission's decision is supported by competent, credible evidence. See Shaffer Goggin v. StateUnemployment Comp. Bd. of Review, Richland App. No. 03-CA-2, 2003-Ohio-6907. The trial court correctly noted it must be guided by the principle that the resolution of factual matters is within the province of the Review Commission and its hearing officers as triers of fact. See Tzangas, Plakas, Mannos v. Ohio Bur. ofEmployment Services (1995), 73 Ohio St.3d 694, 696. Based upon this standard of review, the trial court affirmed the decision of the Ohio Unemployment Compensation Review Commission.
 {¶ 15} Appellants timely filed a notice of appeal and set forth the following sole assignment of error for our consideration:
 {¶ 16} "The lower court erred in affirming the decision of the Unemployment Compensation review Commission that the Appellants' one-time special payment in August 1998 was holiday pay for the 4th of July holiday."
 I {¶ 17} Appellants maintain the trial court erred when it affirmed the decision of the Unemployment Compensation Review Commission that GM's one-time special payment in August 1998 was holiday pay for the Fourth of July holiday. We disagree.
 {¶ 18} R.C. 4141.13 provides that benefits otherwise payable to a claimant for any week must be reduced by the amount of remuneration a claimant receives each week for, inter alia, vacation pay or allowance payable under the terms of a labor management contract or agreement, or other contract of hire, which payments are allocated to designated weeks. Remuneration is defined as all compensation for personal services, including commissions and bonuses and the cash value of any compensation in any medium other than cash. Pursuant to the Ohio Administrative Code, payment terms such as vacation pay or allowance, separation pay, holiday pay, paid absence allowance, down-time paid absence allowance or a short work week pay all constitute remuneration.
 {¶ 19} In finding the special payment to claimants was holiday pay remuneration, the Unemployment Review Commission found the payment was negotiated by GM and the UAW and the purpose of the payment was to replace the lost Independence Week Shut-Down Period pay and Independence Holiday pay.
 {¶ 20} The trial court reasoned the UAW members had a right under the Collective Bargaining Agreement to receive a week of holiday pay for the Fourth of July week if they met the criteria. In settling the strike, the UAW negotiated a new agreement with GM which paid its workers the week's pay. The week's pay was calculated exactly the same way as the holiday payment would have been and by reference to the same dates and payroll status for each employee. The Fourth of July week was counted in the accrued seniority and vacation rights for each employee just as the holiday pay would have done. The trial court also noted the parties expressly recognized the payment might result in the employees being ineligible for unemployment compensation for the week they received it.
 {¶ 21} The trial court noted the claimants here received more by getting a week's holiday pay at the Auto Worker's pay rate than they would have for getting a week of unemployment compensation. The court also noted UAW newsletters announcing the settlement referred to the payments as Independence Week holiday pay. GM classified the thirty-two-hour payments in its own records as "CISCIWSP," which the trial court translated as miscellaneous independence week special pay. The eight-hour payments were listed in GM records as "MISCHOSP," which the trial court translated as miscellaneous holiday special pay. The court found both GM and the UAW viewed the one-time payment as Independence week pay. Based upon the foregoing, the trial court concluded the decision of the Ohio Unemployment Compensation Review Commission is lawful, reasonable and consistent with the manifest weight of the evidence.
 {¶ 22} This court reviews the decision of the Unemployment Compensation Review Commission under the same standard of review as the trial court, namely, whether the decision was unlawful, unreasonable or against the manifest weight of the evidence.Tzangas, Plakas Mannos, supra.
 {¶ 23} The facts in the case sub judice are undisputed, but the legal significance of those facts is what is at issue. The Memorandum of Understanding is a contract. An interpretation of the contract is a question of law for this court. Latina v.Woodpath Dev. Co. (1991), 57 Ohio St.3d 212, 214. This court must determine whether, under the stipulated facts and contract language, the payment in question was remuneration. Ohio Administrative Code Section 4141-9-04(B) sets forth terms which may be construed as remuneration: vacation pay or allowance, separation pay, holiday pay, paid absence allowance, down-time paid absence allowance or short-week pay.
 {¶ 24} We find the payment GM made under the Memorandum of Understanding meets the definition of remuneration. As the trial court noted, the week's pay to its employees actually cost GM nothing because the employees had no right to the Independence week holiday pay during the strike. In return for the payment made under the Memorandum of Understanding, GM was relieved of its obligation to make contributions to a fringe benefit fund. The UAW and GM negotiated these changes in the contractual rights and obligations reflected in the Memorandum of Understanding and it represents GM's agreement to pay its employees for a week it otherwise would not have had to, in return for being relieved of its obligations to pay out other money to the fringe benefit fund.
 {¶ 25} As the trial court found, this represents a negotiation and change in the contractual rights and obligations of the parties, but does not alter the fact that the payment was made as compensation or replacement for missed holiday shut-down wages.
 {¶ 26} We conclude the trial court correctly found the decision of the Ohio Unemployment Compensation Review Commission is lawful, reasonable and consistent with the manifest weight of the evidence.
 {¶ 27} Appellants' sole assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J., Edwards, J., concurs.
Gwin, P.J., dissents.