OPINION
{¶ 1} Defendant-appellant, Juan Luis Mata-Alfaro, appeals his conviction under a six-count indictment in the Butler County Court of Common Pleas.
 {¶ 2} Appellant was indicted for and pled guilty to the following offenses stemming from three incidents involving drug transactions in Butler County, Ohio: two counts of trafficking cocaine, third-degree felonies; three counts of permitting drug abuse, fifth-degree felonies; and one count of possession of cocaine in an amount greater than 100 grams but less than 500 grams, a second-degree felony.
 {¶ 3} Appellant is a Mexican citizen whose English skills required the use of a translator during court proceedings. On July 14, 2004, appellant agreed to plead guilty to all six counts of the indictment. In exchange for his guilty plea, the state agreed to recommend a sentence of no more than seven years in prison.
 {¶ 4} Prior to accepting the appellant's guilty plea, the court advised appellant of the consequences of a guilty plea and resulting conviction to his immigration status as required by R.C. 2943.031. The trial court inquired into appellant's understanding of the proceedings. In addition to providing a translator, the court confirmed on several occasions appellant's ability to comprehend the discussion and appellant's satisfaction with the translation provided. Appellant was presented with written plea forms in English and Spanish, both of which appellant discussed with his attorney and a translator prior to signing. Satisfied that appellant was entering his guilty plea knowingly, intelligently, and voluntarily, the court accepted the plea.
 {¶ 5} Appellant was sentenced to a total of seven years in prison. A mandatory period of three years post-release control was ordered.[1]
 {¶ 6} Appellant raises two assignments of error:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO GIVE THE PROPER ADVISEMENT AS TO IMMIGRATION STATUS REQUIRED BY OHIO REVISED CODE SECTION 2943.031."
 {¶ 9} Appellant argues the trial court did not comply with the requirements of R.C. 2943.031. Specifically, appellant argues the court erred when it failed to order his counsel to explain possible immigration consequences to him.
 {¶ 10} R.C. 2943.031(A) requires the trial court give the following advisement to a non-citizen prior to accepting a plea of guilty or no contest:
 {¶ 11} "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 12} The trial court, upon the request of the defendant, "shall allow him additional time to consider the appropriateness of the plea in light of the advisement." R.C. 2943.031(A). The statute does not contain any requirement ordering consultation between defendant and his counsel.
 {¶ 13} The record shows that the trial court properly advised appellant in accordance with R.C. 2943.031(A) of the consequences to his immigration status as a result of a conviction and even offered, without statutory obligation, additional time to consider his plea in light of these consequences. Appellant declined the offer and in fact stated that he was "not interested in staying" in the United States. The first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN IMPOSING MANDATORY POST-RELEASE CONTROL TO AN AGREED SENTENCE OF NO MORE THAN SEVEN YEARS, SUBJECTING APPELLANT TO A POTENTIAL PRISON TERM THAT IS LONGER THAN THE ONE STIPULATED TO BY THE COURT, THE STATE, AND THE DEFENDANT."
 {¶ 16} In appellant's second assignment of error, he claims that the trial court, by placing him under mandatory post-release control, has subjected him to ten and one-half years in prison. Appellant contends that this violates his plea agreement.
 {¶ 17} R.C. 2967.28(B)(2) mandates that an offender shall be subject to a three-year period of post-release control after release from imprisonment. During post-release control, the offender is subject to a period of supervision by the adult parole authority "that includes one or more post-release control sanctions imposed under section 2967.28 of the Revised Code." R.C. 2967.01(N).
 {¶ 18} Appellant is subject to up to three and one-half years in prison as part of a post-release control sanction. However, this time is distinct and separate from the seven-year prison term he received under his guilty plea. Woods v. Telb, 89 Ohio St.3d 504, 509, 2000-Ohio-171
(post-release control sanctions may consist of significant restrictions that includes a prison term). Any additional prison time would only result from violating the conditions of post-release control. See Statev. Eberle (Feb. 20, 2001), Butler App. No. CA99-12-209, n. 2.
 {¶ 19} At appellant's plea hearing, the trial court informed appellant of the following:
 {¶ 20} "You will be subjected to a mandatory three-year period of post-release control. If you violate the post-release control sanctions, the parole authority may return you to prison and require that you serve additional time in prison, up to one-half of your original sentence."
 {¶ 21} Later, in confirming appellant's intent to plead guilty, the following exchange occurred:
 {¶ 22} "THE COURT: Has anything else been promised to you other than you'll not go to prison for more than seven years?
 {¶ 23} "THE DEFENDANT: No, sir.
 {¶ 24} "* * *
 {¶ 25} "THE COURT: And you'll be subject to mandatory parole or post-release control; do you understand that?
 {¶ 26} "THE DEFENDANT: Yes, sir."
 {¶ 27} We find the trial court did not err when it sentenced appellant to a seven-year prison term and the mandatory three-year period of post-release control. Appellant was made aware of the terms of required post-release control prior to entering his plea. Any additional prison time beyond seven years is dependent upon a post-release control violation by appellant. Accordingly, appellant's second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] We note that the sentencing entry erroneously states that appellant was subject to a mandatory five-year term of post-release control with respect to Count 5, possession of cocaine with specification, a second-degree felony. During both appellant's plea hearing and sentencing disposition, the court correctly informed appellant that upon his release, he would be subject to three years of post-release control. We find this to be plain error and hereby amend the sentencing entry to reflect three years of post-release control as to Count 5.