**2006–0538. Simpson v. Jackson.**
In Habeas Corpus. On petition for writ of habeas corpus of Donovan E. Simpson. Sua sponte, cause dismissed.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor, O'Donnell and Lanzinger, JJ., concur.

## MOTION AND PROCEDURAL RULINGS

**2005–1483. State ex rel. Navistar Internatl. Transp. Corp. v. Indus. Comm.**
Franklin App. No. 04AP–638, 2005-Ohio-3284. On request for oral argument. Request denied.

**2005–1789. State ex rel. John Q. Public v. Etna Twp. Bd. of Trustees.**
In Mandamus. On relator's motion for leave to file a redacted affidavit and answer of respondents. Motion for leave granted. Alternative writ granted.

Lundberg Stratton, J., would also request briefing on whether John Q. Public is a person capable of suing or being sued.

O'Donnell, J., dissents.

**2006–0298. State v. Crager.**
Marion App. No. 9–04–54, 2005-Ohio-6868. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated in the court of appeals' Journal Entry filed February 2, 2006:

"Are records of scientific tests, conducted by a government agency at the request of the State for the specific purpose of being used as evidence in the criminal prosecution of a specific individual, "testimonial" under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354?"

The conflict case is *State v. Cook,* Wood App. No. WD–04–029, 2005-Ohio-1550.

Sua sponte, cause consolidated with 2006–0294, *State v. Crager,* Marion App. No. 9–04–54, 2005-Ohio-6868.

**2006–0405. Geretz v. Ohio Dept. of Job & Family Servs.**
Erie App. No. E–05–042, 2006-Ohio-321. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated at paragraph 5 of the court of appeals' Decision and Journal Entry filed January 27, 2006:

"Did the one-time special payment made by appellee General Motors Corporation to appellants constitute holiday pay remuneration such that appellant union members, laid off over the July 4, 1998, holiday weekend due to a strike, were not entitled to unemployment compensation for that week?"

The conflict cases are *Ashwell v. Ohio Dept. of Job & Family Servs.,* Montgomery App. No. 20522, 2005-Ohio-1928; *Brown v. Ohio Dept. of Job & Family Servs.,* Defiance App. No. 4–05–07, 2005-Ohio-5887; *Futey v. Ohio Dept. of Job & Family Servs.,* Richland App. No. 04 CA 14, 2004-Ohio-5400; *Rodriguez v. Ohio Dept. of Job & Family Servs.,* Cuyahoga App. Nos. 86111 and 86134, 2006-Ohio-97; *Nicolas v. Ohio Dept. of Job·& Family Servs.,* Franklin App. No. 04AP–771, 2005-Ohio-2635; and *Burns v. Ohio Dept. of Job & Family Servs.,* Trumbull App. Nos. 2004–T–0071 and 2004–T–0072, 2005-Ohio-6290.

**2006–0453. State v. Turnbow.**
Stark App. No. 2005CA00026, 2005-Ohio-6702. On motion for leave to file delayed appeal. Motion denied.

Moyer, C.J., Pfeifer and Lundberg Stratton, JJ., dissent.

**2006–0454. State v. Alfaro.**
Butler App. No. CA2004–10–248, 2005-Ohio-5900. On motion for leave to file delayed appeal. Motion denied.

Pfeifer, J., dissents.