{¶ 57} I concur in the majority's disposition of the first assignment of error and respectfully dissent from the disposition of the second assignment. *Page 16 
 {¶ 58} The issue under the second assignment of error is whether the admission of the Ohio State Highway Patrol Crime Laboratory Report, pursuant to R.C. 2925.51, violated Pasqualone's Sixth Amendment right of confrontation.
 {¶ 59} Initially, the majority determines that such laboratory reports constitute "testimonial" evidence for the purposes of theSixth Amendment. See Crawford v. Washington (2004), 541 U.S. 36. This issue is currently before the Ohio Supreme Court as a certified conflict betweenState v. Crager, 164 Ohio App.3d 816, 2005-Ohio-6868, and State v.Cook, 6th Dist. No. WD-04-029, 2005-Ohio-1550. The question certified is: "Are records of scientific tests, conducted by a government agency at the request of the State for the specific purpose of being used as evidence in the criminal prosecution of a specific individual, `testimonial' under Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 LE.2d 177?" State v. Crager, 109 Ohio St.3d 1421,2006-Ohio-1967.
 {¶ 60} Assuming, arguendo, such reports are testimonial, the majority paradoxically concludes that R.C. 2925.51 is constitutional, but that the admission of the Crime Laboratory Report pursuant to R.C. 2925.51
violates Pasqualone's constitutional rights.
 {¶ 61} The majority follows the analysis of the Third Appellate District in State v. Smith, 3rd Dist. No. 1-05-39, 2006-Ohio-1661. Essentially, the argument is that a defendant is able to waive his right to confront/cross-examine the laboratory technician who prepares the report, but that such waiver must be done "knowingly, intelligently, and voluntarily." The procedure set forth in R.C. 2925.51 will not guarantee that the right has been validly waived. *Page 17 
 {¶ 62} The error in this analysis is that a defendant who does not exercise his right to cross-examine the laboratory technician conducting the test and/or preparing the report proffered into evidence is not waiving his Sixth Amendment right to confront witnesses, but merely declining to exercise this right as to a particular witness. Thus, the majority is incorrect that the "net effect" of entering a guilty plea and failing to cross-examine the technician who prepares a laboratory report is the same. The entering of a guilty plea entails the permanent relinquishment of the right to cross-examine or even to summon witnesses in one's defense. When one fails to exercise the right to cross-examine as to a particular witness, they have not relinquished their right to exercise it as to another witness.
 {¶ 63} This distinction has been recognized in hundreds of cases which stand for the proposition that the decision to cross-examine a witness, particularly laboratory technicians, is a "tactical decision" within the discretion of a defendant's trial counsel. State v. Frazier,115 Ohio St.3d 139, 2007-Ohio-5048, at ¶ 220; State v. Foust, 105 Ohio St.3d 137,2004-Ohio-7006, at ¶ 93 and ¶ 125; State v. Russell, 2nd Dist. No. 21458, 2007-Ohio-137, at ¶ 55 ("[t]rial counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters") (citations omitted); State v. Harco, 11th Dist. No. 2005-A-0077, 2006-Ohio-3408, at ¶ 37 ("[t]he decision to call a witness is `within the rubric of trial strategy and will not be second-guessed by a reviewing court'") (citations omitted). Taken to its logical conclusion, the majority's holding would require trial counsel to obtain the defendant's knowing, voluntary, and intelligent consent before foregoing the cross-examination of any witness, an obviously impossible situation. *Page 18 
 {¶ 64} Just as significantly, the drafters of R.C. 2925.51 recognized that the decision not to cross-examine the technician who has prepared a laboratory report is within the competence of trial counsel and does not require the defendant's knowing, voluntary, and intelligent consent. For this reason, the statute provides "[t]he prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if the accused has no attorney * * *." R.C. 2925.51(B).
 {¶ 65} Since the prosecution served a copy of the Highway Patrol Crime Laboratory Report upon Pasqualone's defense counsel in accordance with R.C. 2925.51(B) and defense counsel failed to demand the testimony of "the person signing the report" as required by R.C. 2925.51(C), the admission of the laboratory report was not in error. Accordingly, the judgment of the trial court should be affirmed. *Page 1