{¶ 107} I concur in the result ultimately reached by the majority but for reasons other than those set forth under the first assignment of error.
 {¶ 108} In the first assignment of error, Reuschling argued the admission of the report prepared by the Ohio Bureau of Criminal Identification and Investigation violated his Sixth Amendment right to confront/cross-examine witnesses.
 {¶ 109} The report was admitted without the testimony of the person preparing the report, pursuant to R.C. 2925.51. Under R.C. 2925.51(B), a defendant's attorney may be served with a copy of the laboratory report sought to be admitted. If the defendant's attorney fails to demand the testimony of the person signing the report within seven days of the report's receipt, the report becomes admissible at trial. R.C.2925.51(C)
 {¶ 110} Initially, the majority determines that such laboratory reports constitute "testimonial" evidence for the purposes of theSixth Amendment. See Crawford v. Washington (2004), 541 U.S. 36. This issue is currently before the Ohio Supreme Court as a certified conflict betweenState v. Crager, 164 Ohio App.3d 816, 2005-Ohio-6868, and State v.Cook, 6th Dist. No. WD-04-029, 2005-Ohio-1550. The question certified is: "Are records of scientific tests, conducted by a government agency at the request of the State for the specific purpose of being used as evidence in the criminal prosecution of a specific individual, `testimonial' under Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 LE.2d 177?" State v. Crager, 109 Ohio St.3d 1421,2006-Ohio-1967.
 {¶ 111} Assuming, arguendo, such reports are testimonial, the majority concludes that reports and/or test results such as the Bureau of Investigation report at issue may be admitted only if the defendant has knowingly, intelligently, and voluntarily waived his *Page 25 
confrontation rights. Following the Third Appellate District inState v. Smith, 3rd Dist. No. 1-05-39, 2006-Ohio-1661, the majority determines the crucial question to be whether an attorney can waive the defendant's Sixth Amendment rights.
 {¶ 112} Implicit in the majority's analysis is the proposition that the State's compliance with R.C. 2925.51 does not guarantee that the defendant's waiver of rights will be valid, i.e. knowingly, intelligently, and voluntarily made.
 {¶ 113} The majority errs by equating defense counsel's decision not to challenge the admission of a laboratory report with a full waiver of the right to confront witnesses. In other words, the decision not to cross-examine a particular witness under R.C. 2925.51 does not equate to the complete forfeiture of one's right to cross-examine other witnesses.
 {¶ 114} This distinction has been recognized in hundreds of cases which stand for the proposition that the decision to cross-examine a witness, particularly laboratory technicians, is a "tactical decision" within the discretion of a defendant's trial counsel. State v.Frazier, 115 Ohio St.3d 139, 2007-Ohio-5048, at ¶ 220; State v.Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, at ¶ 93; State v.Russell, 2nd Dist. No. 21458, 2007-Ohio-137, at ¶ 55 ("[t]rial counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters") (citations omitted); State v.Harco, 11th Dist. No. 2005-A-0077, 2006-Ohio-3408, at ¶ 37 ("[t]he decision to call a witness is `within the rubric of trial strategy and will not be second-guessed by a reviewing court'") (citations omitted). Taken to its logical conclusion, the majority's holding would require trial counsel to obtain the defendant's knowing, voluntary, and intelligent consent before foregoing the cross-examination of any witness, an obviously impossible situation. *Page 26 
 {¶ 115} As a practical matter, had the State sought to admit the Bureau of Criminal Investigation report at trial and Reuschling simply failed to object to its admission, the doctrine of waiver would be applied as a matter of course without consideration of whether the waiver is knowing, voluntary, and intelligent. State v. Bradley (1989),42 Ohio St.3d 136, 140. It is only when the right to cross-examine is being permanently surrendered, such as when entering a guilty plea, does the law require the waiver to be knowingly, intelligently, and voluntarily made. See, e.g. State v. Nero (1990), 56 Ohio St.3d 106,107.
 {¶ 116} In the present case, the State complied with the requirements of R.C. 2925.51(B) by serving defense counsel with a copy of the Bureau of Criminal Investigation report and defense counsel failed to demand the testimony of "the person signing the report" as required by R.C.2925.51(C). Accordingly, the admission of the report was not error. *Page 1