{¶ 179} With regard to the disposition of appellant's second, fifth, eighth, and ninth assignments of error, I concur with the majority's opinion. With regard to the majority's disposition of the seventh and thirteenth assignments of error, I concur, in part, and dissent, in part. With regard to the majority's disposition of appellant's first, third, fourth, sixth, tenth, eleventh and twelfth assignments of error, I respectfully dissent, and dissent overall from the majority's conclusion that Hatfield's conviction should be reversed.
 {¶ 180} In the first and third assignments of error, the majority acknowledges and accepts this court's precedent in Adams, which states "that a defendant is * * * charged *Page 37 
with knowledge that driving under the influence of cocaine constitutes credible evidence that a defendant is acting recklessly."2005-Ohio-1107, at ¶ 31.
 {¶ 181} However, after accepting the validity of this precedent, the majority nevertheless concludes that "the state did not connect this evidence to appellant's state of mind at the time of the accident," since "[t]he average juror does not possess the pharmacological and/or biochemical knowledge to formulate a reliable opinion regarding the lasting effects of cocaine on a user's body." This would be a valid conclusion, had appellant been convicted of Vehicular Homicide under section (A)(1) of the statute, which requires that the death be caused "as a proximate result of committing a violation of [an OVI offense]." R.C. 2903.06(A)(1). However, such was not the case here. Instead, appellant was charged and convicted under section (A)(2) of the statute, which merely requires that the death be caused recklessly. R.C.2903.06(A)(2).
 {¶ 182} As stated by the Second Appellate District, "[r]ecklessness, as it appears in R.C. 2903.06(A)(2) and [as] defined by R.C. 2901.22(C), involves no particular act or conduct. It is, instead, the culpable mental state which, in combination with some particular conduct the law prohibits, permits a finding of criminal liability." State v.Schmiesing, 2nd Dist. No. 1640, 2005-Ohio-56, at ¶ 21. The majority implicitly acknowledges this distinction in its disposition of appellant's second assignment of error, when it held that "the rule ofMayl is not invoked [in determining the admissibility of blood test results] since the prosecution did not rely upon proof of a violation of4511.19(A)." (Emphasis added). The majority then proceeds to ignore this distinction by imposing a higher standard of proof than is required. *Page 38 
 {¶ 183} Since appellant was not charged or convicted of Aggravated Vehicular Homicide premised upon on OVI offense, the prosecution was not required to present pharmacological or biochemical evidence "to create a reasonable causal nexus between this evidence and appellant's state of mind during the accident." Instead, the prosecution need only present sufficient evidence that appellant, "with heedless indifference to the consequences, * * * perversely disregarded] a known risk that his conduct [was] likely to cause a certain result or [was] likely to be of acertain nature." R.C. 2901.22(C) (emphasis added).
 {¶ 184} In other words, the relevant inquiry is not whether the prosecution presented sufficient evidence that appellant actuallywas driving under the influence of cocaine, but rather, whether the prosecution presented sufficient evidence by which a jury could conclude that appellant was (1) subjectively aware that he was likely to have been under the influence of cocaine when he was driving the vehicle, and (2) that appellant was aware that driving with cocaine in his system was likely to cause death or serious injury to others. This is evident since the proofs and penalties associated with the respective offenses are different. Cf. R.C. 2903.06(B)(2)(b)(i) and R.C. 2903.06(B)(3) (Aggravated Vehicular Homicide under division (A)(1) of R.C. 2903.06 is a felony of the first degree, where, at the time of the offense, the accused was driving under suspension, whereas, under the same circumstances, it is a felony of the second degree under division (A)(2) of the statute).
 {¶ 185} It is well-settled that "[i]n virtually all cases in which an accused's mental state must be proven, the prosecution relies upon circumstantial evidence as a matter of *Page 39 
necessity." State v. Hill, 11th Dist. No. 2005-A-0010, 2006-Ohio-1166, at ¶ 24 (citations omitted); State v. Harco, 11th Dist. No. 2005-A-0077,2006-Ohio-3408, ¶ 18 (citations omitted).
 {¶ 186} In the instant matter, the state presented ample circumstantial evidence that appellant was aware of the likelihood that his ingestion of cocaine prior to driving his vehicle was likely to place others at risk of death. Not only was there uncontroverted evidence that appellant had ingested cocaine prior to the accident, but there was also evidence that cocaine and its metabolites were still present in appellant's system when his blood was tested. Most importantly, the state presented evidence that appellant had twicerefused to allow blood samples to be taken after the accident, which created a reasonable inference that appellant was aware that he was under the influence of cocaine at the time of the accident which killed Mrs. Kingston. From this evidence, a jury could infer that defendant was reckless by ingesting cocaine before driving his vehicle without the benefit of expert testimony. "When the state utilizes circumstantial evidence to prove an essential element of the offense charged, there is no need for that evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." Harco,2006-Ohio-3408, at ¶ 18 (citation omitted).
 {¶ 187} Appellant's first and third assignments of error are without merit.
 {¶ 188} With regard to appellant's fourth, eleventh, and twelfth assignments of error, I agree with the majority insofar as the trial court erred by admitting evidence of appellant's prior expired suspensions, on the basis that admission of said evidence violated Evid.R. 403(A) and arguably violated Old Chief. However, even an OldChief *Page 40 
violation does not automatically warrant reversal of an otherwise valid conviction where the error committed by the trial court is otherwise harmless beyond a reasonable doubt. See State v. Riffle, 5th Dist. No. 2007-0013, 2007-Ohio-5299, at ¶ 32 (which noted that by remandingOld Chief, to the court of appeals, rather than the trial court, the Supreme Court implied "no opinion on the possibility of harmless error").
 {¶ 189} As aptly noted by the Ohio Supreme Court, "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." State v. Lott (1990),51 Ohio St.3d 160, 166 (citation omitted). Thus, rather than automatically ordering a reversal, this court should undertake the analysis as to whether the error was harmless or prejudicial.
 {¶ 190} Under Evid.R. 103(A), and Crim.R. 52(A), error is harmless unless substantial rights of the defendant are affected. State v.Hicks (Aug. 16, 1991), 6th Dist. No. L-83-074, 1991 Ohio App. LEXIS 3856, at *13.
 {¶ 191} For nonconstitutional errors, the test is whether "there is substantial evidence to support the guilty verdict even after the tainted evidence is cast aside." State v. Cowans (1967),10 Ohio St.2d 96, 104. "The Ohio test * * * for determining whether the admission of inflammatory and otherwise erroneous evidence is harmless non-constitutional error requires the reviewing court to look at the whole record, leaving out the disputed evidence, and then to decide whether there is other substantial evidence to support the guilty verdict. If there is substantial evidence, the conviction should be affirmed, but if there is not other substantial evidence, then the error is not harmless and a reversal is mandated." State v. Davis (1975), 44 Ohio App.2d 335, 347. *Page 41 
 {¶ 192} "Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt." State v. Williams (1983) 6 Ohio St.3d 281, at paragraph six of the syllabus. Here, there was only one error committed by the court — the admission of appellant's prior expired suspensions. A review of the other evidence presented reveals that the remaining evidence satisfied both standards for harmless error.
 {¶ 193} With regard to a sufficiency of the evidence challenge, the majority correctly notes that the evidence and inferences drawn therefrom are to be viewed in a light most favorable to the prosecution.Barno, 2001-Ohio-4319, 2001 Ohio App. LEXIS 4280, at *16 (citation omitted). Thus, as alluded to earlier, the state need only present evidence by which a reasonable jury could conclude that appellant recklessly "cause[d] the death of another or the unlawful termination of another's pregnancy" while operating a motor vehicle. R.C.2903.06(A)(2)(a).
 {¶ 194} With regard to a manifest weight of the evidence challenge, a reviewing court may exercise its discretionary power to reverse a judgment as being against the manifest weight of the evidence only in "those extraordinary cases where, on the evidence and theories presented, and taken in a light most favorable to the prosecution, no reasonable [trier of fact] could have found the defendant guilty."State v. Bradford (Nov. 7, 1988), 5th Dist. No. CA-7522, 1988 Ohio App. LEXIS 4576, at *4, citing State v. Martin (1983), 20 Ohio App.3d 172,175 (emphasis added). Appellant argued that his convictions were against the manifest weight of the evidence, since there was *Page 42 
conflicting evidence between the state's witnesses and Hatfield's expert regarding the exact manner in which the accident occurred.
 {¶ 195} It is well-settled that when assessing the credibility of witnesses, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at *8.
 {¶ 196} Here, there was valid, admissible evidence presented that appellant was operating the vehicle under suspension at the time of the accident, notwithstanding his other suspensions. Appellant admitted that he was operating the vehicle in question that collided with Kingston's Honda, and that the crash caused her death. There was uncontroverted evidence that appellant ingested cocaine prior to the accident, and that the cocaine remained in his system after the accident. There was also uncontroverted evidence that appellant twice refused to submit to blood testing, from which a jury could reasonably infer that appellant was subjectively aware he might be under the influence of cocaine when the accident occurred. Finally, there was physical evidence, which, if believed, showed that appellant made no attempt to stop at the stop sign, and that his vehicle hit Kingston's with such force as to knock it off the road.
 {¶ 197} Based solely on the aforementioned evidence, the prosecution satisfied all of the requisite elements of the instant offense to allow the case to go to the jury *Page 43 
notwithstanding its error in admitting evidence of appellant's prior expired license suspensions. Moreover, there was nothing in the state's evidence which would lead to a belief that the jury had lost its way in considering it, or, through its verdict, created a manifest injustice warranting reversal of appellant's convictions. Viewed in its totality, the admission of appellant's suspensions was harmless beyond a reasonable doubt. If evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Simpson, 2000 Ohio App. LEXIS 1073, at *8.
 {¶ 198} Appellant's fourth, eleventh, and twelfth assignments of error are without merit.
 {¶ 199} With regard to appellant's sixth assignment of error, the trial court's exclusion of defense witness Douglas Heard's written report and curriculum vitae does not constitute reversible error.
 {¶ 200} Heard, a crash reconstructionist, offered the following opinion as to how the accident occurred: "Mr. Hatfield was traveling on Beck Road * * * approaching the intersection at Harold Road as the Honda Civic was coming in the opposite direction, and at that intersection of Harold Road, he attempted to make a left-hand turn onto Harold into the left front corner and side of the Honda Civic operated by Mrs. Kingston." When asked by defense counsel the grounds upon which he based his opinion, aside from the post-impact resting position of the vehicles, his own review of the evidence provided by the prosecution, and his observation of the damage to the front of Hatfield's vehicle, Heard replied that he based his opinion on the "statements from Mr. Hatfield." *Page 44 
 {¶ 201} Evid.R. 703, governing the basis of an expert's testimony, states that "[t]he facts * * * upon which an expert bases an opinion or inference may be those perceived by the expert or admitted in evidenceat the hearing." (Emphasis added).
 {¶ 202} A "trial court has the discretion to exclude expert testimony where the testimony would not assist the trier of fact." State v.Boggess (Sept. 20, 1989), 9th Dist. No. 89CA004501, 1989 Ohio App. LEXIS 3609, at *4, citing Bostic v. Connor (1988), 37 Ohio St.3d 144, at paragraph three of the syllabus. Furthermore, the rules of evidence allow for the exclusion of otherwise relevant evidence "if it is cumulative." State v. Chandler (June 27, 1990), 5th Dist. No. CA-709, 1990 Ohio App. LEXIS 2761, at *4, citing Evid.R. 403(B).
 {¶ 203} Here, Hatfield did not testify in his own defense, as was his right under the Fifth Amendment, yet his expert was allowed to introduce testimony not only regarding his credentials as an accident reconstructionist, which presumably would be contained in his curriculum vitae, but also was allowed to render an opinion as to the cause of the crash, based upon Hatfield's hearsay statements despite the fact that these statements clearly contradicted Hatfield's earlier statements to police. Under these circumstances, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by not admitting Heard's report and curriculum vitae into evidence, particularly where the state objected to its admission.
 {¶ 204} Appellant's sixth assignment of error is without merit.
 {¶ 205} With regard to appellant's tenth assignment error, the trial court did not commit reversible error by refusing to grant his motion for a mistrial. *Page 45 
 {¶ 206} "The granting or denial of a motion for mistrial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." State v. Treesh, 90 Ohio St.3d 460, 480,2001-Ohio-4, citing Crim.R. 33; State v. Sage (1987) 31 Ohio St.3d 173,182. "A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened * * *." Treesh,90 Ohio St.3d at 480, quoting State v. Reynolds (1988), 49 Ohio App.3d 27, 33. Thus, "[t]he granting of a mistrial is necessary only when a fair trial is no longer possible." Id., citing State v. Franklin (1991),62 Ohio St.3d 118, 127.
 {¶ 207} The standard governing prosecutorial misconduct is whether the comments made by the prosecutor were improper, and, if so, whether they prejudiced appellant's substantial rights. State v. Lott (1990),51 Ohio St.3d 160, 165
 {¶ 208} It is well-settled that a prosecutor is entitled to a certain degree of latitude when making closing remarks. State v. Liberatore
(1982), 69 Ohio St.2d 583, 589. However, "[i]t is improper for an attorney to express his personal belief as to the credibility of the witness or as to the guilt of the accused." State v. Smith (1984),14 Ohio St.3d 13, 14 (citation omitted). That said, "[t]he closing argument must be considered in its entirety before determining if the prosecutor's remarks are prejudicial." State v. Novak, 11th Dist. No. 2003-L-077, 2005-Ohio-563, at ¶ 37.
 {¶ 209} In the instant matter, the prosecutor made the following comment about certain evidence in dispute during his closing argument with regard to Hatfield's defense theory: *Page 46 
 {¶ 210} "Just because there wasn't mentions of debris field, S-turns and everything else, all of that didn't come up because Mr. Humpolick had some revelation or come up with some theory that gave us concern. If we didn't think we could prove this case beyond a reasonable doubt, ladies and gentlemen, I wouldn't be standing here."
 {¶ 211} Defense counsel objected and moved for a mistrial. The trial judge sustained the objection, and instructed the jury to disregard the remark, stating that the prosecutor's "opinions about what he thinks or his conclusions are not something to be considered, but you can consider what conclusions you can draw from that evidence." The judge then denied defense counsel's motion for mistrial.
 {¶ 212} Contrary to appellant's assertions, the prosecution's comment was not improper "opinion as to the guilt of the accused." Rather, it was a permissible comment as to what he considered the strength of his own case relative to the theory raised by the defense. "There is no requirement that a prosecutor's language must be neutral in its characterizations of the evidence or defense strategy." Novak,2005-Ohio-563, at ¶ 42 (citation omitted). Even if the prosecutor's comments were impermissible, the trial court's action, in sustaining appellant's objection and instructing the jury to disregard the comment, was sufficient to cure any alleged error.
 {¶ 213} Appellant's tenth assignment is without merit.
 {¶ 214} Finally, while I agree with the majority's analysis of appellant's seventh and thirteenth assignments of error, I write only to note that the proper remedy in such a case is to vacate the multiple sentences imposed and order the trial court to enter a *Page 47 
judgment of conviction for one offense and sentence accordingly. See e.g. State v. Matthews, 1st Dist. Nos. C-060669 and C-060092,2007-Ohio-4881, at ¶ 35.
 {¶ 215} Pursuant to the foregoing analysis, appellant's conviction should be affirmed. *Page 1