DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Perrysburg Municipal Court, which, following a no contest plea, found appellant Kenneth Cook guilty of driving with a prohibited alcohol level. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In December 2003, appellant was charged with driving with a prohibited alcohol level ("DUI"), speeding, and weaving. Appellant filed a combined motion in limine, to dismiss, and to suppress on the following grounds: (1) the officer had no lawful basis to stop him and no probable cause to arrest him; (2) he was coerced into submitting to alcohol testing; (3) the alcohol testing was not conducted in accordance with applicable statutes and regulations; (4) the officer obtained statements from him in violation of his Fifth and Sixth Amendment rights; and (5) the field sobriety tests were not conducted in strict compliance with applicable standards. Appellee state of Ohio opposed the motions, and the trial court denied them following a hearing. Appellant subsequently pleaded no contest to the DUI charge. He now appeals, setting forth the following assignments of error:
 {¶ 3} "I. The court committed substantial prejudicial error by admitting an affidavit (State's Exhibit 1) in evidence.
 {¶ 4} "A. The state denied defendant the right to confront witnesses guaranteed by the 6th and Fourteenth Amendments to the United States Constitution and Article 1 Section 10 of the Ohio Constitution.
 {¶ 5} "B. The affidavit was not admissible pursuant to the rules of evidence.
 {¶ 6} "II. The state failed to introduce evidence that the breath test was properly conducted or that the machine had it's [sic] calibration properly checked as required by Department of Health requirements.
 {¶ 7} "III. The state failed to establish probable cause to arrest the defendant for driving under the influence of alcohol.
 {¶ 8} "A. The field sobriety tests in this case should not have been considered for probable cause to arrest the defendant.
 {¶ 9} "B. Without the field sobriety tests the officer did not have sufficient evidence to establish probable cause to believe that the defendant was driving under the influence of alcohol.
 {¶ 10} "IV. The court committed substantial prejudicial error in finding probable cause to believe that the defendant was operating a vehicle under the influence of alcohol."
 {¶ 11} Appellate review of a decision on a motion to suppress presents a mixed question of law and fact. State v. Davis (1999),133 Ohio App.3d 114, 117. Since a trial court deciding the motion to suppress acts as a factfinder, an appellate court must accept the trial court's findings of fact as true if supported by competent, credible evidence. State v. Kobi (1997), 122 Ohio App.3d 160, 167-168, discretionary appeal not allowed (1997), 80 Ohio St. 3d 1466. However, an appellate court reviews de novo the trial court's application of the law to the facts. Id.
 {¶ 12} In his first assignment of error, appellant argues that the trial court erred in admitting State's Exhibit 1, a packet of documents certifying that the breath test machine (the BAC DataMaster) was functioning properly and that the officer performing the test was certified to do so. The packet also contained appellant's breath test results. The entire packet was accompanied by the affidavit of Detective Franklin Shinaver, who averred that the records were true copies of documents made and kept in the ordinary course of business and were public records. Appellant contends that the trial court erred in admitting Exhibit 1 for two reasons: first, because admitting the documents without live testimony violated his rights under the confrontation clause of theSixth and Fourteenth Amendments to the United States Constitution, and second, because the affidavit was not admissible under the Ohio Rules of Evidence. We shall address each argument in turn.
 {¶ 13} First, appellant contends that, pursuant to the recent United States Supreme Court decision in Crawford v. Washington (2004),541 U.S. 36, 124 S. Ct. 1354, the admission of the documents without live testimony deprived him his right under the United States and Ohio Constitutions to confront and cross-examine witnesses against him. Appellant did not make this argument in his motion to suppress because theCrawford case had not yet been decided. Therefore, we will review this argument under the plain error standard of review. Crim.R. 52 provides that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has explained that "plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Wogenstahl (1996),75 Ohio St.3d 344, 357, reconsideration denied (1996), 75 Ohio St. 3d 1453.
 {¶ 14} The United States Supreme Court in Crawford held that out-of-court statements that are "testimonial" in nature are inadmissible unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him. Id. at 1374. "Non-testimonial" statements, however, continue to be governed by evidence rules on hearsay and by the U.S. Supreme Court's decision in Ohio v. Roberts (1980),448 U.S. 56.[1] Crawford, 124 S. Ct. at 1374. The pivotal question, then, is whether a particular statement is testimonial or non-testimonial. The Supreme Court specifically declined to answer this question, stating:
 {¶ 15} "We leave for another day any effort to spell out a comprehensive definition of `testimonial.' Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." (Footnotes omitted.) Id.
 {¶ 16} The Supreme Court suggested in dicta that business records are non-testimonial. Discussing the history of hearsay exceptions, the Court stated,
 {¶ 17} "Most of the hearsay exceptions covered statements that by their nature were not testimonial — for example, business records or statements in furtherance of a conspiracy." Id. at 1367.
 {¶ 18} Here, appellant challenges Exhibit 1, which, as indicated, consisted of records relating to the BAC DataMaster, the results of appellant's breath test, and an affidavit of the custodian of the records attesting to the records' authenticity and the fact that they are made and kept in the ordinary course of business. We begin with the records. First, we may take the results of appellant's breath test out of the mix because, according to the trial court's judgment entry, the officer who administered the test testified at the hearing about the results and was subject to cross-examination.[2] That leaves the records relating to the checks done on the machine and the qualifications of the officer. The vital question is whether these documents are testimonial or non-testimonial.
 {¶ 19} We find that these records are non-testimonial for two reasons. First, they bear no similarities to the types of evidence the Supreme Court labeled as testimonial: "prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and police interrogations." Id. at 1367. The commonality among these types of evidence is that it is gathered in an "investigative or prosecutorial" setting, see State v. Dedman (N.M. 2004), 102 P.3d 628, 636, where a potential for abuse exists, id; Crawford, 124 S. Ct. at 1367. In this case, the documents relating to the BAC datamaster were not created in an investigatory or prosecutorial setting. For this reason, we conclude that they are not the type of testimonial evidence with which the Supreme Court was concerned in Crawford. See Dedman, 102 P.2d at 636 (holding that a report of blood test results is not testimonial under Crawford
where the test was taken by a nurse and the report prepared by the Scientific Laboratory Division of the state Department of Health); Denosov. State (Tex.App. Feb. 3, 2005), 13th Dist. No. 13-99-809-CR (certified copy of autopsy report is not testimonial because it is not analogous to the types of testimonial documents specified by the Court in Crawford);Napier v. State (Ind.App. 2005), 820 N.E.2d 144, 149 (certificate stating that the BAC DataMaster was in good working order not testimonial because it did not pertain to defendant's guilt and is unlike the types of testimonial evidence mentioned by the Court in Crawford).
 {¶ 20} Second, we conclude that the records are business records, which, at least according to dicta in Crawford, are not testimonial. SeeCrawford, 124 S. Ct. at 1367. Business records are defined in Evid. R. 803(6) as follows:
 {¶ 21} "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
 {¶ 22} In the affidavit accompanying the documents, Detective Shinaver averred: (1) that he is the custodian of the documents and has knowledge of the facts contained in them; and (2) that the documents are made and kept in the ordinary course of business. These statements satisfy Evid.R. 803(6). Further, there is no indication that Detective Shinaver lacks inherent trustworthiness or that the manner in which the documents were prepared lack trustworthiness. We therefore conclude that these are business records and not the type of testimonial evidence of concern to the Court in Crawford.
 {¶ 23} Next, we consider whether the affidavit is admissible underCrawford. Certainly, the affidavit is testimonial. However, it is not evidence against appellant; it merely lays the foundation for the attached documents. Crawford deals with a defendant's right to confront and cross-examine. Appellant is not prejudiced by his inability to cross-examine Detective Shinaver on his affidavit testimony that he is the custodian of the records and that they are made and kept in the ordinary course of business. Therefore, we find the trial court's decision to admit Exhibit 1 did not violate appellant's right to confront witnesses against him.
 {¶ 24} Appellant also contends in his first assignment of error that the affidavit in Exhibit 1 was not admissible under the Rules of Evidence. According to appellant, Evid.R. 803(6) provides that authentication of business records must be done pursuant to Evid.R. 901(B)(10), which provides:
 {¶ 25} "(B) By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 {¶ 26} "* * *.
 {¶ 27} "(10) Methods provided by statute or rule. Any method of authentication or identification provided by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio or by other rules prescribed by the Supreme Court."
 {¶ 28} Applying this rule, appellant contends that "[t]here is no statute or rule enacted by the General Assembly or Supreme Court that provides for the introduction of an affidavit by a police officer of police records at a suppression hearing." Appellant has misread the rule. Evid. R. 803(6) provides that business records can be authenticated by "the custodian or other qualified witness or as provided by Rule 901(B)(10)." (Emphasis added.) Here, the custodian authenticated the documents, which is appropriate under the rule. The trial court committed no error, plain or otherwise, in admitting Exhibit 1 at the suppression hearing. Appellant's first assignment of error is found not well-taken.
 {¶ 29} In his second assignment of error, appellant contends that the breath test and the testing on the BAC DataMaster were not done as required by the Ohio Administrative Code. Specifically, appellant contends: (1) that the state offered no proof that the forms used by the police were approved by the Director of the Department of Health and that they were the most current forms available, all as required by Ohio Adm. Code 3701-53-02(C); (2) that the state offered no evidence that the police keep a copy of the BAC DataMaster operator's manual on site as required by Ohio Adm. Code 3701-53-01(B); (3) that the state offered no proof that records relating to maintenance and calibration of the BAC DataMaster were kept for three years as required by Ohio Adm. Code3701-53-02 and 3701-53-01; (4) that the state offered no evidence that the breath test was a test of "deep lung (alveolar) air" as required by Ohio Adm. Code 3701-53-02(C); and (5) that the state offered no proof that the operators' permits had not been revoked.
 {¶ 30} Appellant concedes that these regulations require only substantial compliance and not strict compliance. State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 24. Once the state shows substantial compliance, the burden shifts to the defendant to show that anything less than strict compliance prejudiced him. Id.
 {¶ 31} With regard to appellant's first contention, that the state offered no proof that the forms used were approved and the most current, we note that the forms used bear the Department of Health seal and that the last revised date (8/2002) is listed at the bottom.[3] We find that the police department substantially complied with Ohio Adm. Code3701-53-02(C). Similarly, with regard to appellant's fifth contention, that the state failed to prove that the operators' permit had not been revoked, we find that by producing facially valid operators' permits, the state substantially complied with the regulation.
 {¶ 32} With regard to the remaining contentions, we find that we cannot conduct a meaningful review because the transcript of the suppression hearing was not made a part of the record. We have no idea if the police officer provided testimony about the operator's manual, about record retention, and about whether the test was a deep lung test. Therefore, we must presume the regularity of the proceedings below and find this assignment of error not well-taken. See Natl. City Bank v.Beyer (2000), 89 Ohio St.3d 152, 160 (where a transcript is omitted from the record, the reviewing court must presume the regularity of the proceedings below.) Appellant's second assignment of error is found not well-taken.
 {¶ 33} Appellant's third and fourth assignments of error concern the stop, the field sobriety tests, and the arrest. Without the transcript of the suppression hearing, we cannot review these assignments of error and must presume the regularity of the proceedings below. Id. Appellant's third and fourth assignments of error are found not well-taken.
 {¶ 34} Upon due consideration, we find that appellant was not prejudiced or prevented from having a fair trial, and the decision of the Perrysburg Municipal Court is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.
[1] The court in Roberts held that out-of-court statements by unavailable witnesses may be admitted if they have adequate "indicia of reliability." Roberts, 448 U.S. at 66. Statements have indicia of reliability if they either fall within a well-established hearsay exception or have "particularized guarantees of trustworthiness." Id.
[2] We glean this from the judgment entry; appellant did not include a transcript of the hearing on the motion to suppress.
[3] Ohio Adm. Code 3701-53-02(C) only requires that test results be recorded on approved forms; there is no requirement that they be the "most current."