OPINION
{¶ 1} Defendant-appellant, David Greene, appeals the decision of the Mason Municipal Court denying his motion to suppress evidence. We affirm the municipal court's decision.
 {¶ 2} At approximately 2:27 a.m. on June 2, 2005, appellant was driving south on Mason-Montgomery Road. While attempting to make a right turn onto Bowen Drive, appellant struck and traveled over the top of the curb. Ohio State Highway Patrol Trooper Charles Jordan observed the violation and initiated a traffic stop. Upon approaching the vehicle, Trooper Jordan noticed a strong odor of alcohol. He also observed that appellant had bloodshot and glassy eyes, a flushed face and slurred speech. Appellant admitted to drinking "a few beers and some shots" at Deuce's Wild and Willie's Sports Café.
 {¶ 3} Trooper Jordan administered field sobriety tests which indicated appellant was intoxicated. During the walk and turn test, appellant could not complete the heel-to-toe steps without losing his balance and admitted to Jordan that he should not have been driving that night. Appellant was placed under arrest for driving under the influence of alcohol and transported to the State Highway Patrol Post where he submitted to a breath test. The test indicated appellant's blood alcohol level was .234 percent. Appellant was charged with operating a motor vehicle while under the influence of alcohol (OVI) in violation of R.C.4511.19(A)(1)(H), OVI in violation of R.C. 4511.19(A)(1)(A), and driving outside marked lanes in violation of R.C. 4511.33.
 {¶ 4} Appellant filed a motion to suppress evidence. The suppression hearing was held on July 26, 2005 and August 23, 2005. At the hearing, Trooper Jordan testified about the traffic stop, the field sobriety tests and the breathalyzer test. The prosecutor introduced the results of the breath test as well as documents regarding the calibration of the breathalyzer and Trooper Jordan's qualification to administer the test. These exhibits included Trooper Jordan's senior operator's permit, the test form, the BAC Datamaster evidence ticket, and the calibration solution affidavit. Appellant objected to the admissibility of the exhibits. On October 4, 2005, the trial court overruled appellant's motion to suppress.
 {¶ 5} As a result, appellant entered a no contest plea on November 3, 2005 to OVI in violation of R.C. 4511.19(A)(1)(H), a first-degree misdemeanor. The trial court found appellant guilty of the offense and sentenced him to 120 days in jail with 117 days suspended, placed appellant on community control for a period of two years and required appellant to pay $250 in fines. Appellant timely appeals, raising one assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING APPELLANT'S OBJECTIONS TO TROOPER JORDAN'S TESTIMONY REGARDING THE ADMISSIBILITY OF THE BREATH TEST."
 {¶ 7} Appellant argues the trial court erred by denying the motion to suppress because the Ohio Department of Health senior operator's certificate and the solution batch certificate constitute inadmissible hearsay. Specifically, he argues that pursuant to the United States Supreme Court decision in Crawfordv. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, admission of those documents without live testimony deprived him of his right under the United States and Ohio Constitutions to confront and cross-examine witnesses against him. Appellant contends the batch certificate and Trooper Jordan's operator's certificate signed by the Director of Health evidence is testimonial in nature. Since appellant did not have the opportunity to cross-examine the Director of Health, he argues his right to confrontation was violated.
 {¶ 8} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside,100 Ohio St.3d 152, 155, 2003-Ohio-5372, ¶ 8. The appellate court must accept the trial court's findings of fact as long as they are supported by competent, credible evidence. Id. However, an appellate court reviews de novo the trial court's application of the law to the facts. Id.
 {¶ 9} In Crawford v. Washington, the United States Supreme Court examined the admissibility of out-of-court statements that are "testimonial." The court held that in criminal cases, out-of-court statements that are "testimonial" in nature are inadmissible unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine. Id. at 68. "Nontestimonial" statements continue to be governed by evidence rules on hearsay and by the U.S. Supreme Court's decision inOhio v. Roberts (1980), 448 U.S. 56, 100 S.Ct. 2531.[1]Crawford at 68. The determinative question, then, is whether the statements are testimonial or nontestimonial.
 {¶ 10} At issue in this case are two exhibits: the senior operator's certificate, a document that states Trooper Jordan was qualified to use the BAC machine, and the solution batch certificate, a document that certifies the sample used during the breathalyzer test was not tainted. Appellant claims both are testimonial.
 {¶ 11} The Sixth Appellate District examined this issue inState v. Cook, Wood App. No. WD-04-029, 2005-Ohio-1550. The appellant in Cook was charged with DUI and moved to suppress an operator's certificate, documents certifying the breath machine was functioning properly, and the results of the breathalyzer test. Id. The motion was denied and the appellant entered a no contest plea. Id. He appealed and the Sixth District affirmed the conviction.
 {¶ 12} In Cook, the court found the documents were nontestimonial for two reasons. First, "they bear no similarities to the types of evidence the Supreme Court labeled as testimonial." Id. at ¶ 19. The types of evidence enumerated by the Supreme Court as testimonial are "gathered in an investigative or prosecutorial setting." Id., citing State v.Dedman (N.M. 2004), 136 N.M. 561, 102 P.3d 628. The operator's certificate and certifying documents "were not created in an investigatory or prosecutorial setting." Id. The documents are created to certify the test is performed correctly by a qualified individual, not to be testimonial of the defendant's guilt. Id. citing Napier v. State (Ind.App. 2005), 820 N.E.2d 144, 149.
 {¶ 13} Second, the Cook court found these documents were business records within the definition of Evid.R. 803(6). Id. at ¶ 20. The U.S. Supreme Court stated, in dicta, that business records are not testimonial. Crawford, 541 U.S. at 56. The Supreme Court of Ohio has also ruled that business records are "by their nature" not testimonial. State v. Craig,110 Ohio St.3d 306, 2006-Ohio-4571, ¶ 83, quoting Crawford (holding that an autopsy report is nontestimonial and admissible as a business record under Evid.R. 803[6]). The documents fit within the definition of Evid.R. 803(6) because they are compiled within the ordinary course of business and there is no indication of a lack of trustworthiness. Cook at ¶ 22.
 {¶ 14} We agree that the exhibits are nontestimonial. The operator's certificate and the solution batch certificate are very different in nature from the types of incriminating evidence the Supreme Court has labeled as testimonial. The Supreme Court has held that testimony at a preliminary hearing or during a police interrogation is testimonial. Crawford at 68. Evidence in those settings is gathered primarily to establish evidence of guilt against an accused. The documents at issue in this case are recordkeeping and foundational in nature. They are not determinative of appellant's guilt, but offered to prove the reliability of the instrument and operator. The operator's certificate was offered only to establish that Trooper Jordan was qualified to operate the BAC machine. Similarly, the solution batch certificate is prepared to certify the sample is not tainted and that the machine is calibrated correctly. Neither document is substantive evidence of the crime nor directly determinative of appellant's guilt.
 {¶ 15} Since the documents are nontestimonial and come within the business record exception to the hearsay rule, they do not meet the testimonial test of Crawford. To establish the "indicia of reliability" required by Roberts, the documents must either "fall within a well-established hearsay exception or have `particularized guarantees of trustworthiness.'" Roberts,448 U.S. at 66. We agree with the Sixth District in Cook that an operator's certificate and solution batch certificate are business records. The documents are made and kept in the ordinary course of business. Further, there is no indication the documents lack trustworthiness. As a result, the trial court did not err in denying appellant's motion to suppress.
 {¶ 16} Based on the foregoing, appellant's assignment of error is overruled.
 {¶ 17} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] The court in Roberts held that out-of-court statements by unavailable witnesses may be admitted if they have adequate "indicia of reliability." Roberts, 488 U.S. at 66. Statements have indicia of reliability if they either fall within a well-established hearsay exception or have "particularized guarantees of trustworthiness." Id.