OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals the May 19, 2006 Judgment Entry of the Licking County Municipal Court granting defendant-appellee Edward A. Pumphrey's motion to suppress evidence. STATEMENT OF THE FACTS AND CASE
 {¶ 2} On August 25, 2005, defendant-appellee Edward A. Pumphrey, IV was arrested and charged with one count of operating a vehicle with a prohibited concentration of alcohol, in violation of Granville Ordinance 333.01(A).
 {¶ 3} Officer Erick Moynihan of the Granville Police Department stopped appellee and requested he submit to a breath test. The test revealed a prohibited concentration of alcohol.
 {¶ 4} On October 27, 2995, appellee filed a motion to suppress, challenging the reasonable suspicion for the stop, probable cause for his arrest, the admissibility of custodial statements, and the admissibility of his breath test results. The trial court conducted a hearing on the motion. At the hearing, appellant offered the testimony of Officer Moynihan and moved for the admission of Exhibit 1, a packet of evidence including appellee's breath test results and instrument checks performed on the BAC Datamaster breath machine on dates prior and subsequent to the date of appellee's arrest. The instrument checks were performed by Moynihan and Officer Suzie Dawson. Exhibit 1 also contained documents executed by the Director of the Ohio Department of Health documenting the status of Moynihan and Dawson as Senior Operators qualified to perform instrument checks and operate the BAC Datamaster, and certification of the batch solution used to perform the instrument checks. Neither Dawson nor the Director of Health were called as witnesses to testify at the suppression hearing.
 {¶ 5} Via Judgment Entry of May 19, 2006, the trial court granted appellee's motion to suppress. The trial court found the statements contained in the documents constituting Exhibit 1 were testimonial pursuant to the United States Supreme Court decision in Crawford v.Washington (2004), 541 U.S. 36. In the alternative, the trial court found appellant failed to establish substantial compliance with the OAC regulations governing radio frequency interference checks.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS."
 {¶ 8} Appellant's sole assignment of error argues the trial court erred in granting appellee's motion to suppress.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982)1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. See State v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,96, 641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906; and State v. Guysinger, supra.
 {¶ 10} Specifically, appellant challenges the trial court's determination the documents contained in Exhibit 1 were testimonial pursuant to the decision in Crawford v. Washington (2004), 541 U.S. 36.
 {¶ 11} This Court recently addressed the issue raised by appellant inVillage of Granville v. Eastman (November 27, 2006), Licking App. No. 2006CA00050, 2006-Ohio-6237, holding:
 {¶ 12} "Here, the documents were not prepared with an eye to a specific prosecution and an essential element of the offense; rather, they were administrative reports prepared according to administrative rules and regulations and foundational in nature, without regard to a specific prosecution. Accordingly, the documents fall within the business record exception, and we find they are not testimonial.State v. Cook (6th Dist. March 31, 2005), 2005-Ohio-1550."
 {¶ 13} In this court's opinion in Eastman, we relied, in part, upon the Sixth District's holding in Cook, supra, which stated:
 {¶ 14} "We find that these records are non-testimonial for two reasons. First, they bear no similarities to the types of evidence the Supreme Court labeled as testimonial: `prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and [ ] police interrogations.' Id. at 1367. The commonality among these types of evidence is that it is gathered in an "investigative or prosecutorial" setting, see State v. Dedman (N.M. 2004), 136 N.M. 561, 102 P.3d 628,636, where a potential for abuse exists, id; Crawford,124 S.Ct. at 1367. In this case, the documents relating to the BAC datamaster were not created in an investigatory or prosecutorial setting. For this reason, we conclude that they are not the type of testimonial evidence with which the Supreme Court was concerned in Crawford. SeeDedman, 102 P.2d at 636 (holding that a report of blood test results is not testimonial under Crawford where the test was taken by a nurse and the report prepared by the Scientific Laboratory Division of the state Department of Health); Denoso v. State (Tex.App. Feb. 3, 2005), 13th Dist. No. 13-99-809-CR (certified copy of autopsy report is not testimonial because it is not analogous to the types of testimonial documents specified by the Court in Crawford); Napier v. State
(Ind.App. 2005), 820 N.E.2d 144, 149 (certificate stating that the BAC DataMaster was in good working order not testimonial because it did not pertain to defendant's guilt and is unlike the types of testimonial evidence mentioned by the Court in Crawford ).
 {¶ 15} "Second, we conclude that the records are business records, which, at least according to dicta in Crawford, are not testimonial. SeeCrawford, 124 S.Ct. at 1367. Business records are defined in Evid. R. 803(6) as follows:
 {¶ 16} "A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term `business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."
 {¶ 17} "In the affidavit accompanying the documents, Detective Shinaver averred: (1) that he is the custodian of the documents and has knowledge of the facts contained in them; and (2) that the documents are made and kept in the ordinary course of business. These statements satisfy Evid.R. 803(6). Further, there is no indication that Detective Shinaver lacks inherent trustworthiness or that the manner in which the documents were prepared lack trustworthiness. We therefore conclude that these are business records and not the type of testimonial evidence of concern to the Court in Crawford."
 {¶ 18} In the case sub judice, we adhere to our holding inEastman, and find the documents presented in State's Exhibit 1 were non-testimonial in nature, and the trial court erred in suppressing the same.[1]
 {¶ 19} We next address appellant's argument the trial court erred in alternatively finding the State failed to establish substantial compliance with the Ohio Administrative Code regulations governing radio frequency interference checks. The trial court found the documents presented by the State failed to indicate what type of radio frequency was used to perform the RFI check on the pre-test and post-test instrument checks. The trial court further found:
 {¶ 20} "[w]ithout the testimony of the senior operator(s) who performed the instrument checks, the State failed to establish that the RFI check was performed using a hand-held radio normally used by the law enforcement agency, as required by O.A.C. 3701-53-04(A)(1) because the documents presented contain no such information and the arresting officer who testified had no personal knowledge about the issue."
 {¶ 21} OAC Section 3701-53-04(A)(1) provides:
 {¶ 22} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 {¶ 23} "(1) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath-testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced."
 {¶ 24} At the suppression hearing, appellant offered State's Exhibit 1, containing two documents entitled "Instrument Check Form," evidencing the pre-and post-breath test instrument checks. The seal of the "Department of Health, State of Ohio" appears at the head of the check forms, as well as the title: "Bureau of Alcohol and Drug Testing." The check forms also reference "Rule 3701-53-04." Exhibit 1 also contains a form labeled "Instrument Checklist," including the instruction, "when instrument displays "PLEASE BLOW," transmit using hand-held radio near the instrument without touching it, until RFI detector aborts the test." On both forms, the box next to the instruction is checked. The Instrument Checklist also instructs the senior operators performing RFI checks to "transmit using hand-held radio," but do not state whether the radio used is one "normally used by the law enforcement agency."
 {¶ 25} Appellant argues there is a presumption of substantial compliance with the administrative regulations governing breath tests, which arises with the presentation of the Instrument Check Forms. However, a review of the language on the form indicates the document does not state whether the radio used was one normally used by the law enforcement agency. The OAC Regulation specifically requires the instrument to be checked to detect RFI using a hand-held radio "normally used by the law enforcement agency". In the absence of evidence demonstrating this specific requirement of the regulation has been met, we find the trial court did not err in finding appellant had not substantially complied with same.
 {¶ 26} Accordingly, the May 19, 2006 Judgment Entry of the Licking County Municipal Court is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 19, 2006 Judgment Entry of the Licking County Municipal Court is affirmed. Costs to appellant
[1] While we recognize and agree many types of business records are non-testimonial, we are not yet persuaded (as the Cook court apparently was) that all business records are necessarily non-testimonial; e.g. police accident reports; crime lab analysis reports of seized contraband, etc.