OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio appeals the May 15, 2006 Judgment Entry of the Licking County Municipal Court granting defendant-appellee Matthew R. Graziano's motion to suppress evidence.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee, Matthew R. Graziano, was arrested on October 22, 2005 on suspicion that he was operating a motor vehicle while under the influence of alcohol. February 28, 2006 Suppression Hearing Transcript of Proceeding ("T") at 9. Officer Shawn Wilson of the Granville Police Department requested that Appellee submit to a breath test. (Id.) Appellee complied. The test revealed a prohibited concentration of alcohol. Appellee was later charged with two counts of operating a motor vehicle while under the influence of alcohol.
 {¶ 3} Appellee then challenged the bases for the charges by filing a Motion to Suppress Chemical Breath Test in the Trial Court. The Trial Court conducted a hearing on the Motion, at which time appellant offered Wilson's testimony. At the close of evidence, appellant moved for admission of Exhibit 1, a packet containing documents relating to the breath test conducted of Appellee. (T. at 30). Exhibit 1 contains documents evidencing the breath test results and instrument checks performed on the BAC Datamaster breath machine on dates prior and subsequent to the date of Appellee's arrest. The instrument checks were performed by Sergeant David Dudgeon of the Granville Police Department. Exhibit 1 also contains documents executed by the Director of the Ohio Department of Health evidencing the status of Wilson and Dudgeon as Senior Operators qualified to perform instrument checks and operate the BAC *Page 3 
Datamaster as well as certification of batch solution used to perform the instrument checks.
 {¶ 4} Neither Dudgeon nor the Director of Health were called as witnesses to testify at the suppression hearing.
 {¶ 5} The Trial Court ultimately granted Appellee's Motion. May 15, 2006 Judgment Entry at 8. [Hereinafter "Judgment Entry"]. In so holding, the Trial Court found that the statements contained in the documents evidencing the pre-and post-instrument checks were "testimonial" pursuant to the decision of the United States Supreme Court inCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354. (Id.). The Trial Court based its conclusion upon its finding that the statements contained in Exhibit 1 were "offered to prove the truth of the matter asserted, i.e., that the breath testing instrument was working properly and that the results were reliable; and they were made under circumstances which would lead the declarant to believe that the statements would be available for use at a later trial." (Id.).
 {¶ 6} Additionally, the Trial Court found that appellant failed to establish substantial compliance with Ohio Administrative Code regulations governing radio frequency interference checks. (Id. at 8). In particular, the Trial Court found that "the documents fail to indicate what type of radio frequency was used to perform the RFI check on the pre-test and post-test instrument checks." (Id.). The Trial Court further found that "[w]ithout, the testimony of the senior operator(s), who performed the instrument checks, the State failed to establish that the RFI check was performed using a hand-held radio normally used by the law enforcement agency, as required by O.A.C. *Page 4 
3701-53-04(A) (1) because the documents presented contain no such information and the arresting officer who testified had no personal knowledge about the issue." (Id.).
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS."
 {¶ 9} Appellant's sole assignment of error argues the trial court erred in granting appellee's motion to suppress.
 {¶ 10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982) 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. See State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; and State v.Guysinger, supra. *Page 5 
 {¶ 11} Specifically, appellant challenges the trial court's determination the documents contained in Exhibit 1 were testimonial pursuant to the decision in Crawford v. Washington (2004), 541 U .S. 36.
 {¶ 12} In State v. Ward (1984), 15 Ohio St.3d 355 474 N.E.2d 300 the Ohio Supreme Court held "[certified copies of police logs showing calibration of intoxilyzer equipment are admissible against a defendant in a prosecution for violation of R.C. 4511.19, despite the absence of the calibrating officer at trial". Id. at syllabus. The Court noted that the public records exception to the hearsay rule existed at common law before the adoption of the Ohio Rules of Evidence. Ward, supra at 357,474 N.E.2d at 302. (Citing State v. Walker (1978), 53 Ohio St.2d 192,374 N.E.2d 132 and R.C. 2317.42).
 {¶ 13} In Crawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, the Supreme Court stated that business records, which are analogous to public records are "by their nature * * *not testimonial" and not subject to the requirements of the Confrontation Clause. Id. at 56; "[t]o its credit, the Court's analysis of `testimony' excludes at least some hearsay exceptions, such as business records and official records. See ante, at 1367. To hold otherwise would require numerous additional witnesses without any apparent gain in the truth-seeking process". Id. at 76, 124 S.Ct. at 1378. (Rehnquist, C.J., concurring).
 {¶ 14} This Court recently addressed the issue raised by appellant inVillage of Granville v. Eastman (November 27, 2006), Licking App. No. 2006CA00050, 2006-Ohio-6237, holding: *Page 6 
 {¶ 15} "Here, the documents were not prepared with an eye to a specific prosecution and an essential element of the offense; rather, they were administrative reports prepared according to administrative rules and regulations and foundational in nature, without regard to a specific prosecution. Accordingly, the documents fall within the business record exception, and we find they are not testimonial.State v. Cook (6th Dist. March 31, 2005), 2005-Ohio-1550." See, alsoState v. Pumphrey, 5th Dist. No. 2006CA00054,2007-Ohio-251.
 {¶ 16} In the case sub judice, we adhere to our holdings inEastman and Pumphrey and find the documents presented in State's Exhibit 1 were non-testimonial in nature, and the trial court erred in suppressing the same.
 {¶ 17} We next address appellant's argument the trial court erred in alternatively finding the State failed to establish substantial compliance with the Ohio Administrative Code regulations governing radio frequency interference checks. The trial court found the documents presented by the State failed to indicate what type of radio frequency was used to perform the RFI check on the pre-test and post-test instrument checks. The trial court further found:
 {¶ 18} "[w]ithout the testimony of the senior operator(s) who performed the instrument checks, the State failed to establish that the RFI check was performed using a hand-held radio normally used by the law enforcement agency, as required by O.A.C. 3701-53-04(A) (1) because the documents presented contain no such information and the arresting officer who testified had no personal knowledge about the issue."
 {¶ 19} OAC Section 3701-53-04(A) (1) provides: *Page 7 
 {¶ 20} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 {¶ 21} "(1) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath-testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced."
 {¶ 22} At the suppression hearing, appellant offered State's Exhibit 1, containing two documents entitled "Instrument Check Form," evidencing the pre-and post-breath test instrument checks. The seal of the "Department of Health, State of Ohio" appears at the head of the check forms, as well as the title: "Bureau of Alcohol and Drug Testing." The check forms also reference "Rule 3701-53-04." Exhibit 1 also contains a form labeled "Instrument Checklist," including the instruction, "when instrument displays "PLEASE BLOW," transmit using hand-held radio near the instrument without touching it, until RFI detector aborts the test." On both forms, the box next to the instruction is checked. The Instrument Checklist also instructs the senior operators performing RFI checks to "transmit using hand-held radio," but do not state whether the radio used is one "normally used by the law enforcement agency." *Page 8 
 {¶ 23} This Court recently addressed the issue raised by appellant inPumphrey, supra, holding:
 {¶ 24} "Appellant argues there is a presumption of substantial compliance with the administrative regulations governing breath tests, which arises with the presentation of the Instrument Check Forms. However, a review of the language on the form indicates the document does not state whether the radio used was one normally used by the law enforcement agency. The OAC Regulation specifically requires the instrument to be checked to detect RFI using a hand-held radio `normally used by the law enforcement agency'. In the absence of evidence demonstrating this specific requirement of the regulation has been met, we find the trial court did not err in finding appellant had not substantially complied with same".
 {¶ 25} In the case sub judice, we adhere to our holding inPumphrey, and find the OAC Regulation specifically requires the instrument to be checked to detect RFI using a hand-held radio `normally used by the law enforcement agency'. In the absence of evidence demonstrating this specific requirement of the regulation has been met, we find the trial court did not err in finding appellant had not substantially complied with same. *Page 9 
 {¶ 26} Accordingly, the May 15, 2006 Judgment Entry of the Licking County Municipal Court is affirmed.
 Gwin, P.J., Hoffman, J., and Delaney, J., concur. *Page 10 
JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 15, 2006, Judgment Entry of the Licking County Municipal Court is affirmed. Costs to appellant. *Page 1