DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Michael P. Posey, appeals the decision of the Circleville Municipal Court, finding him guilty of operating a vehicle under the influence of alcohol and operating a motor vehicle with a prohibited concentration of alcohol in his system in excess of .17 grams. Appellant states the trial court erred in: 1) denying his motion to suppress; 2) failing to dismiss a juror for cause, and; 3) admitting unauthenticated evidence during trial. We find none of his arguments persuasive. His motion to suppress was properly overruled because, considering the totality *Page 2 
of facts and circumstances, the arresting officer had probable cause to arrest Appellant for OVI. Further, we are unable to say the trial court abused its discretion by allowing a juror, whom Appellant challenged for cause, to remain on the panel. Finally, because the BAC test calibrations, certifications and results were properly authenticated, the trial court did not abuse its discretion by admitting them during trial. Accordingly, each of Appellant's assignments of error are overruled and the decision of the trial court is affirmed.
 I. Facts {¶ 2} An Ohio State Highway Patrol Trooper, Misty Waller, observed Appellant and a companion, both riding motorcycles, speeding northbound on U.S. Route 23 in a 55 mile per hour zone. Waller estimated they were traveling over 70 miles per hour. Waller alerted another Trooper, Roger Cooper, who was located north of her position, to be on the lookout for the two approaching motorcycles.
 {¶ 3} Trooper Cooper observed the motorcycles traveling toward him at an excessive rate of speed. He activated his radar and clocked Appellant's motorcycle at 68 miles per hour. After they passed his position, Cooper pursued in order initiate a traffic stop. When Cooper activated his pursuit lights, Appellant's companion immediately pulled to the berm, *Page 3 
Appellant, however, continued to drive. Cooper followed Appellant with his pursuit lights engaged for approximately one mile before he finally he pulled over. The ensuing traffic stop was recorded by Cooper's dash cam.
 {¶ 4} Cooper testified that he immediately noted Appellant had bloodshot, glassy eyes, slurred speech and smelled very strongly of alcohol. Cooper further testified that Appellant seemed a little unsteady on his feet during the stop: "When he got off that motorcycle he looked pretty shaky to me when he was walking around." Cooper also stated that Appellant swayed back and forth as he tried to find his driver's license. Further, Appellant had difficulty producing his driver's license. He was unable to remove the license from his wallet even after Trooper Cooper, more than once, pointed directly to it. Eventually, Appellant handed Cooper his wallet and Cooper removed the license himself. Cooper further testified that Appellant told him he had had three to four beers that evening and that, at one point, he had been traveling in excess of 80 miles an hour to get out of the cold weather.
 {¶ 5} Believing Appellant was possibly driving under the influence, Trooper Cooper administered a horizontal gaze nystagmus test. The test resulted in three out of six possible clues, but Cooper testified that Appellant's hard contact lenses interfered with the nystagmus prior to 45 *Page 4 
degrees portion of the test. Cooper testified that he did no further testing because Appellant indicated he was injured. "* * * I asked Mr. Posey if he had any back, knee like problems, he said he had a bad back and he flatly said I can't do those tests." Trooper Waller arrived on the scene and the officers administered a portable breath test on Appellant which registered a .174. Sometime during these proceedings, Appellant defecated in his pants. Trooper Cooper determined that Appellant was driving under the influence of alcohol, placed him under arrest, Mirandized him and transported him to a Highway Patrol Post. At the post, Appellant consented to a breath test which registered .221 grams of alcohol per 210 liters of breath.
 {¶ 6} Appellant was subsequently charged with operating a vehicle under the influence of alcohol, operating a vehicle with a prohibited concentration of alcohol in excess of . 17, and speeding. Prior to trial, Appellant filed an eight-branch motion to suppress. The trial court overruled the motion except for determining that, though the results of the portable breath test was not allowed at trial, it was allowed for purposes of determining probable cause. After a jury trial, Appellant was found guilty on all three counts. *Page 5 
 II. Assignments of Error I. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS?
 II. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT REFUSED TO DISMISS JUROR NUMBER 2 (MICHELE WALTERS) FOR CAUSE?
 III. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT ADMITTED AN UNAUTHENTICATED COPY OF THE BAC RECORDS WITHOUT SUBSTANTIATING TESTIMONY?
 III. First Assignment of Error {¶ 7} In his first assignment of error Appellant states the trial court erred in denying his motion to suppress. Under this assignment of error, Appellant presents two issues for our review: 1) is a portable breath test admissible for purposes of probable cause, and 2) was speed, odor of alcohol, glassy, bloodshot eyes, slurred speech and an admission of drinking sufficient probable cause to arrest Appellant?
 {¶ 8} Initially, we note that appellate review of a motion to suppress presents a mixed question of law and fact. State v. Featherstone,150 Ohio App.3d 24, 2002-Ohio-6028, 778 N.E.2d 1124 at paragraph 10, citingState v. Vest, 4th Dist. No. 00CA2576, 2001-Ohio-2394; State v.Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., State v. Mills *Page 6 
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v.Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. United States (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911; State v. Klein (1991),73 Ohio App.3d 486, 488, 597 N.E.2d 1141.
 {¶ 9} "The standard for determining whether the police have probable cause to arrest an individual for DUI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source, of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Brungs, 4th Dist. No. 05CA18, 2005-Ohio-5776, at ¶ 25, citing State v. Homan, 89 Ohio St.3d 421, 427, 732 N.E.2d 952,2000-Ohio-212. "To make this determination, the trial court should consider the totality of facts and circumstances surrounding the arrest." Brungs at ¶ 25. Homan, citing State v. Miller (1997),117 Ohio App.3d 750, 761, 691 N.E.2d 703; State v. Brandenburg (1987),41 Ohio App.3d 109, 534 N.E.2d 906. *Page 7 
 {¶ 10} Appellant argues there was no probable cause for his arrest because Trooper Cooper's investigation revealed nothing more than indicia of alcohol consumption. We disagree. Cooper's testimony contained clear, additional corroborative proof of impairment which indicated Appellant was driving under the influence of alcohol.
 {¶ 11} Trooper Cooper testified to the following regarding Appellant's actions, appearance and behavior: 1) Appellant was traveling in excess of the stated speed; 2) his companion immediately pulled over when Cooper activated his lights, but Appellant continued driving for approximately another mile before pulling over; 3) he had glassy, bloodshot eyes; 4) slurred speech; 4) a very strong odor of alcohol; 5) he admitted having consumed alcohol; 6) he admitted to traveling in excess of 80 miles per hour at one point; 7) he was unsteady on his feet when he dismounted his motorcycle and walked around the vehicle; 8) he was unable to take his license out of his wallet despite Cooper pointing it out to him more than once; 9) he swayed on his feet while trying to remove his license; 10) he defecated during the traffic stop. These factors, considered together, gave Cooper probable cause to arrest Appellant for OVI.
 {¶ 12} As Appellant correctly states, only one field test was given, the HGN, and it resulted in only three out of six clues. This fact, in itself, *Page 8 
does not establish a lack of probable cause. "* * * [W]e reject [the appellant's] argument that the State cannot prove probable cause for an arrest without admissible field sobriety tests. In Homan, the Supreme Court of Ohio held that `[w]hile field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests.'"Brungs at ¶ 26, quoting Homan at 427.[1]
 {¶ 13} Further, though it is true that neither Trooper Waller nor Cooper observed Appellant commit any traffic infractions other than speeding, Appellant did show a lack of physical coordination during the stop. "Furthermore, if an arrest is based upon R.C. 4511.19(A)(1), an officer must observe indicia of both alcohol consumption and impaired driving or coordination before there will be probable cause for an arrest." State v. Coates, 4th Dist. No. 01CA21, 2002-Ohio-2160, at *6. (Emphasis added.) Here, Cooper testified Appellant was unsteady on his feet, swayed while trying to produce his license and was unable to remove his license from his wallet. The dashboard camera corroborates Cooper's account. On the video, though Appellant does not show an extreme lack of physical *Page 9 
coordination, he does seem somewhat unsteady when walking, does seem to sway back and forth while looking in his wallet, and does have great difficulty in locating and removing his driver's license. Finally, and obviously, Appellant's defecation during the stop was a strong indicator of impairment.
 {¶ 14} In his brief, Appellant produces an alternate explanation for each of the factors listed above. However, the standard for determining probable cause to arrest for OVI is whether "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source, of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence." Here, we find there was probable cause for Trooper Cooper to place Appellant under arrest for OVI.
 {¶ 15} Though Appellant devotes a great deal of attention to the proposition that preliminary breath tests should not be allowed even for the purpose of establishing probable cause, we do not find it necessary to address this argument. Trooper Cooper specifically stated that the PBT was not a determinative factor in his decision to arrest Appellant. Cooper was questioned as to what he would have done in the absence of a PBT:
 Q: And what would you have done if they said oh, we don't have one, they're not available? Do you let him go? *Page 10 
 A: I would have placed him under arrest for OVI.
 {¶ 16} Even without the preliminary breath test results, because of the totality of the facts and circumstances, we find there was adequate probable cause to arrest Appellant for operating a vehicle under the influence of alcohol. See State v. Crowe, 5th Dist. No. 07CAC030015,2008-Ohio-330, at ¶ 46; State v. Mendoza, 6th Dist. No. WD-05-094,2006-Ohio-6462, at ¶ 40; State v. Gunther, 4th Dist. No. 04CA25,2005-Ohio-3492, at ¶ 28. Accordingly, Appellant's first assignment of error is overruled.
 IV. Second Assignment of Error {¶ 17} As his second assignment of error, Appellant contends the trial court committed prejudicial error when it refused to dismiss a juror for cause. During voir dire, Juror Michele Walters and two others on the jury panel expressed the opinion that a person should not drive after consuming alcohol. After further questioning, the following exchange occurred between Appellant's counsel and these three jurors:
 Q: You understand that you've indicated to me that you have at least a personal belief that no one should drink any alcohol and drive a car. It would be very difficult for you to set that aside when you hear the evidence. What's your feeling on that right now? You've had two minutes to think about it?
 A: (Juror Hall) I really don't think you should get in a car and drive. *Page 11 
 Q: All right. And we have the same question to Michele. What do you think about that?
 A: (Juror Walters) You know I teach children not to drink and drive, I believe that.
 Q: All right and who's the third one? It was Brenda. What's your feeling?
 A: (Juror Greiner) I don't think that people should do that. I'm not saying that I don't know people who do that. I've ridden with people. . . .
 Q: All right the next question is, is that going to impact, you're going to hear the judge [say] hey that's lawful. But if you get some evidence and it's a close case, you're going to go with your gut as opposed to what the law allows.
 A: (Unidentified Juror) I would hope not but I can't say for sure.
 Q: The other two the same way? You can't be sure you can set that aside?
 A: (Unidentified Juror) (inaudible.)
 {¶ 18} Appellant's counsel then requested that all three jurors be removed for cause. Before responding to the request, the trial court questioned the jurors as follows:
 Q: Ladies, before you leave your chairs here, I guess the question is, is that, it is the province of the court to tell you what the law is and if I do tell you that it is lawful in Ohio to drink and drive but it is against the law to drive where the alcohol has impaired your driving, or where you test greater than the legal limit. Do you understand that, that's what you'll be instructed on the law? All three of you understand that those would be my instructions? Is it your position that with that instruction in mind that it would be pretty much impossible for each of you to find someone not guilty based upon those thoughts? *Page 12 
 A: (Juror Walters) I think that I would listen to the evidence and be able to do that but I do have that personal belief. (Inaudible.)
 Q: Brenda, your thoughts on that?
 A: (Juror Greiner) I hope I could put that aside but (inaudible).
 Q: And Mrs. Hall?
 A: (Juror Hall) I don't know if I could do that. (Inaudible.)
 {¶ 19} The court than excused Hall and Greiner, but kept Walters on the panel. Appellant subsequently used his first peremptory challenge to remove Walters from the jury. The basis of Appellant's argument is that, because the trial court failed to dismiss Walters for cause, Appellant was forced to use one of his peremptory challenges. Because he then used his two remaining challenges, Appellant states he was unable to challenge a juror who was subsequently empanelled. He argues that, had the trial court properly dismissed Walters for cause, he would have still had a remaining peremptory challenge and he would have used it on that juror.
 {¶ 20} "Trial courts have discretion in determining a juror's ability to be impartial." State v. Cornwell, 86 Ohio St.3d 560, 562,1999-Ohio-125, 715 N.E.2d 1144. Though a trial court should excuse a juror for cause if the court has any doubts of the juror's ability to be unbiased, "* * * the determination of whether a prospective juror should be disqualified for cause is a discretionary function of the trial court. Such determination will not be *Page 13 
reversed on appeal absent an abuse of discretion." Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. A reviewing court should not disturb a trial court's decision regarding a challenge for cause "* * * unless it is manifestly arbitrary * * * so as to constitute an abuse of discretion." State v. Stallings, 89 Ohio St.3d 280, 287,2000-Ohio-164, 731 N.E.2d 159, quoting State v. Tyler (1990),50 Ohio St.3d 24, 31, 553 N.E.2d 576. An appellate court must give deference to the trial court because it is the trial court that actually sees and hears the potential jurors. State v. Wright, 4th Dist. No. 00CA39, 2001-Ohio-2473, at *20; State v. Stallings, 89 Ohio St.3d 280, 288,2000-Ohio-164, 731 N.E.2d 159.
 {¶ 21} In the case sub judice, Appellant contends the trial court failed to dispel doubts about Juror Walter's ability to consider the evidence without bias. After clarifying that it was not illegal per se to drink and drive in Ohio, the trial court asked the three jurors if it would be possible for them to consider the evidence with that instruction in mind. Unlike, Walters, the other two jurors indicated doubt with their answers of "I hope I could put that aside" and "I don't know if I could do that." Walters, on the other hand, responded affirmatively: "I think that I would listen to the evidence and be able to do that but I do have that personal belief." From the trial court's decision to keep Walters on the panel, it clearly believed her. In light of her *Page 14 
affirmation that she could remain unbiased, we must defer to the trial court, which was able to observer Walter's demeanor and evaluate her credibility. In such circumstances, we cannot say the trial court's refusal to dismiss Walters for cause was manifestly arbitrary.
 {¶ 22} In this assignment of error, Appellant also addresses the fact that portions of the voir dire transcript were marked "inaudible." He asserts that, in this instance, the State had the burden to provide a complete transcript and that "the inaudibles are waivers charged to the State requiring reversal." Because Appellant failed to file a motion under App. R. 9 to address any inaudible portions of the transcript, we disagree.
 {¶ 23} Upon appeal, where a transcript is not available or is otherwise unrecorded, an appellant may opt to provide a settled or agreed statement of the proceedings under App. R. 9. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199-200, 400 N.E.2d 384. Despite Appellant's assertion to the contrary, "* * * the appellant bears the burden of attempting to reconstruct the record with a narrative prepared pursuant to App. R. 9(C) if the appellant intends to rely upon the missing portions of the transcript in his assignment of error."State v. Ward, 4th Dist. No. 03CA2, 2003-Ohio-5650, at ¶ 28;Knapp at 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the *Page 15 
reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp at 199.
 {¶ 24} Here, Appellant did not follow established appellate procedure; he failed to file the appropriate App. R. 9 motion. Filing such a motion is a prerequisite for raising the issue of inaudible portions of a transcript. Accordingly, Appellant's bare assertion that "it is not possible to create an App. R. 9 record as no one remembers the inaudible response" has no foundation in the record and carries no weight. We have held similarly in other cases involving transcripts containing "inaudible" responses. See, e.g., State v. Smith, 4th Dist. No. 01CA13, 2002-Ohio-3402. As such, because Appellant failed to file an App. R. 9 motion and because the trial court's decision to keep Juror Walters on the panel was not an abuse of discretion, we overrule Appellant's second assignment of error.
 V. Third Assignment of Error {¶ 25} Appellant's third and final assignment of error is that the trial court erred by admitting unauthenticated copies of Appellant's blood alcohol concentration test results, accompanying calibration logs, calibration batch certificates and operator's certificates. *Page 16 
 {¶ 26} A trial court enjoys broad discretion when determining the admissibility of evidence. Wightman v. Consol. Rail Corp. (1999),86 Ohio St.3d 431, 437, 715 N.E.2d 546; Brookover v. Flexmag Industries,Inc., 4th Dist. No. 00CA49, 2002-Ohio-2404, at ¶ 160. Consequently, a reviewing court will not reverse the trial court's determination regarding the admissibility of evidence absent a showing of an abuse of discretion. Id. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108,112, 616 N.E.2d 218; State v. Davis, 4th Dist. No. 01CA12, 2002-Ohio-2036, at ¶ 6.
 {¶ 27} Initially, we note that Appellant moved to suppress the BAC results, calibration logs and certificates prior to trial. The trial court, after a full evidentiary hearing, ruled that they were admissible. Thus, Appellant is unable to challenge "* * * the admissibility of test results based on the assertion that the state failed to comply with the director's rules in obtaining them." State v.Edwards, 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752, at ¶ 12. However, evidentiary objections that challenge the authenticity of BAC results may still be raised at trial. Edwards at ¶ 19.
 {¶ 28} First we address the calibration logs, calibration batch certificates and operator's certificates. Under Evid. R. 902(4), a document is *Page 17 
self-authenticating if it is "[a] copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio." Here, the items at issue were copies of documents recorded by the Ohio State Highway Patrol and they were certified by the custodian of records as correct. Thus, we find that, under Evid. R. 902(4), the calibration logs, batch certificates and operators' certificates were properly authenticated.
 {¶ 29} Next, we address the results of the BAC test itself. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid. R. 901(A). A document "* * * may be authenticated under Rule 901(B)(1) by testimony of a witness with firsthand knowledge of the execution, preparation or custody of the writing." State v. Easter
(1991), 75 Ohio App.3d 22, 26, 598 N.E.2d 845, quoting Weissenberger, Ohio Evidence (1991) 4-5, Section 901.2. *Page 18 
 {¶ 30} In the case sub judice, Trooper Cooper testified extensively regarding the Appellant's BAC test and its result. Cooper, himself, administered the BAC test to Appellant after Appellant's arrest. During trial, Cooper testified as to the specific procedures he followed. He further testified that he recognized the BAC Datamaster form, which he filled out during the administration of the test, and the printout results of the test. In light of Cooper's testimony concerning his first hand, personal knowledge of the BAC form and test results, we find the documents were properly authenticated under Evid. R. 901.
 {¶ 31} Finally, Appellant argues that his right of confrontation was violated because Trooper Cooper was not the custodian of record and the testimony of the custodian was necessary for authentication. To support this argument he cites Granville v. Graziano, 5th Dist. No. 2006-CA-00070, 2007-Ohio-1152. Appellant's reliance is misplaced. He has clearly mistaken the Licking County Municipal Court case with the 5th District Court of Appeals case which overruled it. In fact, the ruling in Granville, directly contradicts Appellant's argument. InGranville, the court held that the breath test results and instrument checks performed on the BAC were non-testimonial in nature.Granville at ¶ 16. As such, those types of records are not subject to the requirements of the Confrontation Clause. *Page 19 
 {¶ 32} For the forgoing reasons, we find the documents in question were properly authenticated and the trial court did not abuse its discretion in admitting them at trial.
 VI. Conclusion {¶ 33} In our view, Appellant has failed to establish any of his assignments of error. His motion to suppress fails because, based upon the totality of facts and circumstances, Trooper Cooper had probable cause to arrest him for OVI. Further, we are unable to say the trial court's decision not to dismiss Juror Walters for cause was manifestly arbitrary. As such, the trial court did not abuse its discretion in keeping her on the jury panel. Finally, because the BAC test and the accompanying logs and certificates were properly authenticated, the trial court did not abuse its discretion by admitting them at trial. Accordingly, we overrule each of Appellant's assignments of error and affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 20 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error I and III and Concurs in Judgment Only as to Assignment of Error II.
[1] Homan has been superseded by statute to the extent that field sobriety tests must now only be administered in substantial compliance with the testing standards. State v. Schmitt, 101 Ohio St.3d 79,2004-Ohio-37, 801 N.E.2d 446, at ¶ 9. *Page 1